Bruno MANCARI, Plaintiff–Appellant,

v.

Nancy A. BERRYHILL, Defendant–Appellee.

No. 16-3122

United States Court of Appeals,
Seventh Circuit.

Argued February 15, 2017

Decided February 17, 2017

Anthony J. Peraica, Attorney, Chicago, IL, for Plaintiff-Appellant

James M. Kuhn, Sr., Attorney, Cristen Meadows, Attorney, Social Security Administration, Office of the United States Attorney, Chicago, IL, for Defendant-Appellee

Before WILLIAM J. BAUER, Circuit Judge, FRANK H. EASTERBROOK, Circuit Judge, DAVID F. HAMILTON, Circuit Judge

## ORDER

Bruno Mancari is a citizen of Italy who resided in the United States from 1958 to 2007. He worked for many years in the

United States, and he and his employers paid Federal Insurance Contributions Act taxes toward old-age insurance and other Social Security benefits. But Mr. Mancari was removed from the United States to Italy in 2007 after completing a prison term following his conviction for unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). In 2012, he applied to the United States Social Security Administration for old-age insurance benefits. The Administration approved his application but immediately suspended payment pursuant to 42 U.S.C. § 402(n)(1), which cross-references 8 U.S.C. § 1227(a)(2), because Mr. Mancari had been deported due to his conviction. Under § 402(n)(1), Mr. Mancari may not receive old-age insurance benefits unless and until he is lawfully re-admitted to the United States for permanent residence.

Mr. Mancari has challenged the constitutionality of that statutory provision in further administrative proceedings, before the district court, and now on appeal. He argues that § 402(n) violates the Equal Protection Clause (as incorporated in the Fifth Amendment's Due Process Clause, see *Estate of Kunze v. Commissioner of Internal Revenue*, 233 F.3d 948, 954 (7th Cir. 2000)), and his rights under the Due Process and Takings Clauses of the Fifth Amendment.

 Supreme Court precedent forecloses each of those claims. In *Flemming v. Nestor*, 363 U.S. 603, 612, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Court upheld an earlier version of § 402(n) against several constitutional challenges, including an equal protection challenge, by a deported alien. *Mathews v. Eldridge*, 424 U.S. 319, 340–41, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), established that Social Security claimants are not entitled to the pre-deprivation

hearing Mr. Mancari seeks unless the benefits are awarded "based upon financial need," which is not the case here. And a person's expectation that he will receive Social Security benefits is not protected by the Takings Clause; those benefits "may be altered or even eliminated at any time." *U.S. Railroad Retirement Board v. Fritz*, 449 U.S. 166, 174, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *Flemming*, 363 U.S. at 609–10, 80 S.Ct. 1367. To the extent Mr. Mancari wishes to ask the Supreme Court to revisit any of these decisions, he has raised those issues in this court. The judgment of the district court dismissing the case is

AFFIRMED.